UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22932-BLOOM/Louis

MINDY EASTERWOOD,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## OMNIBUS ORDER ON DEFENDANT'S POST-TRIAL MOTIONS AND PLAINTIFF'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival" or "Defendant") Post-Trial Motions, ECF No. [171] ("Post-Trial Motion"), and Plaintiff's Motion to Tax Costs Pursuant to Federal Rule of Civil Procedure 54, ECF No. [164] ("Costs Motion"). The Court has carefully considered the Post-Trial Motion and Costs Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Post-Trial Motion is denied and the Costs Motion is granted in part.

### Post-Trial Motion

**I.    BACKGROUND**

Plaintiff sustained significant injuries after she slipped and fell while on board Defendant's vessel *Paradise.* Plaintiff brought a claim of negligence due to Defendant's failure to maintain its deck area. *See generally*, ECF No. [1]. The case proceeded to a bench trial over the course of three days, from December 14, 2020 to December 16, 2020. ECF Nos. [157], [159], [161]. The Court's Findings of Fact and Conclusions of Law followed. ECF No. [162] ("Findings"), determining that

Carnival was negligent, it was liable for Plaintiff's injuries, Plaintiff was not comparatively negligent, and Plaintiff was entitled to total damages in the amount of $447,991.29. Thereafter, the Court entered judgment in favor of Plaintiff and against Carnival. ECF No. [163] ("Final Judgment"). Carnival now requests that the Court amend the Final Judgment pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

### A. Rule 52

Rule 52(a) requires a district court trying a case without a jury to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Rule 52(a)(5) permits a party to "question the sufficiency of the evidence supporting the [Court's] findings." Fed. R. Civ. P. 52(a)(5). Rule 52(b) allows a party to file a motion within 28 days after the entry of judgment to request that the Court amend its findings or make additional findings. "The purpose of Rule 52(b) is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on the merits, or the presentation of new theories of the case." *Hannover Ins. Co. v. Dolly Trans Freight, Inc.*, No. 6:05-cv-576-Orl-19DAB, 2007 WL 170788, at * 2 (M.D. Fla., Jan. 18, 2007) (citations omitted). "A party seeking to amend findings under Rule 52(b) must show that the trial court's findings of fact or conclusions of law are not supported by evidence in the record." *Perez v. Renaissance Arts & Educ., Inc.*, No. 8:12-CV-514-T-MAP, 2014 WL 408334, at *1 (M.D. Fla. Feb. 3, 2014) (citation omitted). "[R]equests pursuant to Rule 52 . . . are to be granted sparingly, and only when dispositive factual matters or controlling decisions of law were brought to the Court's attention, but not considered." *Hannover Ins. Co.*, 2007 WL 170788, at *2 (quotations and citation omitted).

**B. Rule 59**

A motion to alter or amend a judgment under Rule 59 must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland v. Alabama*, No. 2:15-CV-0029-MHH-JEO, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citing *Stansell*, 771 F.3d at 746).

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodserv., LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012).

"[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise [] earlier [] will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). In addition, a Rule 59(e) motion "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." *Wendy's Int'l, Inc.*, 169 F.R.D. at 686. A party's disagreement with the Court's treatment of facts and legal conclusions is not a proper basis for a Rule 59(e) motion. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

### III. DISCUSSION

In the Motion, Defendant requests that the Court amend the Final Judgment to reflect that Plaintiff failed to prove a hazardous condition that resulted from Defendant's breach of duty; to find that Plaintiff was comparatively negligent; and to reduce the damages awarded. In support of its requests, Defendant presents eight arguments:

1. The Court began its liability analysis with an erroneous statement of law that Plaintiff does not have to identify precisely what she fell on or where it came from to prevail upon her claim;

2. The Court limited Plaintiff to the theory of liability in the Complaint—the presence of heavy grease or motor oil and Plaintiff failed to prove by the manifest weight of the evidence that black grease or oil on the pool deck caused her to fall;

3. There is insufficient evidence to conclude that black mechanical grease or motor oil was present on the deck surface immediately before Plaintiff's fall;

4. If black grease or oil was present, there is no evidence that its presence was the result of any negligence on the part of Defendant;

5. The Court erroneously disregarded the COF [Coefficient of Friction] testing by Dr. Hejzlar;

6. Ms. Baker's prior incident was not sufficiently "substantially similar" to place Defendant on actual or constructive notice;

7. The finding of zero comparative negligence is not supported by the manifest weight of the evidence; and

8. There is insufficient evidence to support the award of damages.

Upon review, only arguments 1 and 5 warrant any discussion. Defendant's remaining arguments constitute disagreements with the conclusions reached by the Court as to certain facts. Indeed, Defendant does not point to any dispositive facts the Court failed to consider, but rather, argues that the Court should reweigh the evidence that it did consider. Therefore, Defendant's arguments 2, 3, 4, 6, 7, and 8 are not a proper basis for the Court to alter, amend, or reconsider its Findings under either Rule 52 or Rule 59. The Court will consider Defendant's arguments 1 and 5 in turn.

### A. The Court began its liability analysis with an erroneous statement of law that Plaintiff does not have to identify precisely what she fell on or where it came from to prevail upon her claim (argument 1)

Defendant argues that, in the Court's liability analysis, it relied upon an erroneous statement of law that Plaintiff does not have to identify precisely what she fell on or where it came from in order to prevail. Defendant argues further that the Court's reliance upon *Haiser v. MSC Cruises (USA) Inc.*, No. 18-CV-60964-RS, 2019 WL 4693200, at *4 (S.D. Fla. Aug. 8, 2019) and *Villa v. Carnival Corporation*, 207 F. Supp. 3d 1311, 1314 (S.D. Fla. 2016) was misplaced, because those cases involve the legal standard at the summary judgment stage, where the Court is not to weigh evidence. Defendant contends that reliance upon those cases was incorrect because

at a bench trial the Court is specifically tasked with weighing the evidence. In response, Plaintiff argues that Carnival is in effect improperly asking the Court to "rethink what it already thought."

Upon review, Defendant's arguments lack merit, and the authority Defendant cites does not instruct that the Court's reliance upon *Haiser* or *Villa* was incorrect. Similar to Defendant here, the defendant in *Haiser* argued that the plaintiff could not establish the presence of a dangerous condition since she did not know what had caused her to fall, and the mere occurrence of an accident does not give rise to the presumption that a dangerous condition existed. 2019 WL 4693200, at *4. While the court acknowledged that the plaintiff had no first-hand knowledge of what caused her to fall, the court also concluded that she had introduced sufficient evidence to support her allegation that there was liquid on the floor, and thus a dangerous condition. That evidence consisted of a witness who testified that he observed water on the floor ten to fifteen minutes before the plaintiff fell, he later saw plaintiff flailing mid-fall, plaintiff fell in the area where he had seen the water, and he did not see anyone clean up the water between the time he saw the water and when plaintiff fell. *Id*. Moreover, in *Villa*, the court specifically noted that just because the plaintiff "cannot identify the substance he slipped on, how it got there, or how long it was there, does not mean there was no dangerous condition." 207 F. Supp. 3d at 1314. The court noted further that based on the evidence presented at that stage, "a jury could conclude the wet floor presented a dangerous condition." *Id*.

Here, the Court applied the correct standard regarding liability and did precisely what Defendant now argues that it should have done—the Court weighed the evidence. In its Findings, the Court concluded that, upon a consideration of all the evidence presented at trial, Plaintiff satisfied her burden of proving a dangerous condition existed. The Court specifically recounted in its Findings: Defendant's corporate representative's testified that the decks were cleaned using a

Case 1:19-cv-22932-BB Document 179 Entered on FLSD Docket 08/06/2021 Page 7 of 15

Case No. 19-cv-22932-BLOOM/Louis

mild soap solution in spite of Dr. Hejzlar's testimony that teak should only be rinsed with saltwater; Plaintiff's husband testified that he saw a black oily substance on the back of Plaintiff's legs after she fell; Ms. Baker testified that she rinsed a black or brown substance out of her bathing suit after falling in the same spot as Plaintiff; Plaintiff testified that her new bathing suit was soiled with a dark brown or black substance; gas chromatography testing of the bathing suit revealed that the suit contained hydrocarbons that most closely approximated used motor oil; and Dr. Hejzlar testified that components of the teak deck are hydrocarbon-based materials that can break down over time, and that any type of hydrocarbons on deck would stay afloat on top of water on the teak. *See* ECF No. [162] at 20-21. The Court concluded that this evidence satisfied Plaintiff's burden of proving that a dangerous condition existed.

Defendant relies upon *Luby v. Carnival Cruise Lines, Inc.* to support its contention that a dangerous condition cannot be established by the mere fact that an accident occurred. However, this argument ignores the facts presented at trial. In *Luby*, the plaintiff claimed a dangerous condition existed because the shower ledge in her cabin's bathroom was hidden by the shower curtain. 633 F. Supp. 40, 41 (S.D. Fla. 1986). The court concluded that the presence of the ledge was or should have been obvious by the ordinary use of the plaintiff's senses, and rejected her contention that the drawn shower curtain transformed the ledge into an inherently dangerous condition, such that defendant had no duty to warn. *Id*. at 42. The court noted that the mere occurrence of an accident does not make a carrier liable to a passenger. *Id*. at 41 n.1. Here, by contrast, the Court did not conclude that a dangerous condition existed merely because Plaintiff fell.

Defendant also relies on *Lavora v. NCL (Bahamas) Ltd.* to support its contention that a plaintiff must prove exactly what she fell on or where it came from in order to satisfy her burden

of proving that a dangerous condition existed. No. 15-24285-Civ-COOKE/TORRES, 2016 WL 7325592, at *3 (S.D. Fla. Dec. 16, 2016). In *Lavora*, the court reviewed on the surveillance footage and found that the evidence – plaintiff's intoxication and the footage's inconsistency with plaintiff's version of the events - supported the defendant's motion. The court concluded that the plaintiff could not prove that a dangerous condition existed where the surveillance footage showed the plaintiff missing the bottom step of a staircase and fell, rather than slipping on water, as she contended. *Id*. Here, in contrast, the Court found that the CCTV video, in conjunction with other evidence presented, supported the existence of a dangerous condition that was not open or obvious.

Defendant also cites *Noble v. Carnival Corporation* to support its claim that the location of a hazardous substance, what that substance is, and how long it has been there are requirements to prove the existence of a hazardous condition. No. 13-21502-CIV-MORENO, 2016 WL 7373797, at *2 (S.D. Fla. Dec. 19, 2016). However, in *Noble*, the court granted summary judgment to Defendant because no genuine dispute existed as to whether Defendant had notice of the liquid on which the plaintiff slipped—not whether a dangerous condition in existed. *Id*. In addition, unlike Plaintiff here, the plaintiff in *Noble* was unable to accurately describe the location of the liquid or the appearance of the liquid that caused her to slip. *Id*. In this case, the location where Plaintiff fell was clear from the CCTV footage, and her husband gave credible testimony describing the substance she slipped on as dark and oily – which was confirmed by the stain on the bottom of the bathing suit and the gas chromatography testing. Similarly, in *Weiner v. Carnival Cruise Lines*, another case on which the Defendant relies, the court determined that the plaintiff failed to establish notice of a dangerous condition. There, plaintiff stated that his left flip flop hydroplaned on liquid on the floor, yet there existed no evidence, other than the plaintiff's perception, that there was any liquid on the floor where he slipped. No. 11-CV-22516, 2012 WL

5199604, at *2-3 (S.D. Fla. Oct. 22, 2012). The court ultimately concluded that the plaintiff could not "avoid summary judgment on some generalized theory of foreseeability that is divorced from the particular events in question." *Id*. at *4. In contrast, Plaintiff did not rely on a generalized theory of foreseeability—rather, the Court found that the preponderance of the evidence established that Plaintiff slipped and fell on a foreign substance present on the Lido Deck. Notably, neither the court in *Noble* nor the court in *Weiner* held that a plaintiff must specifically identify what a substance is or where it came to establish the existence of a hazardous condition.

The final case Defendant relies on, *McLaughlin v. SLD Atlanta West, LLC*, No. 1:17-CV-1265-CC, 2018 WL 3954747, at *4 (N.D. Ga. May 25, 2018), is also inapposite. While the Court agrees that the existence of a hazardous condition is a threshold question in a slip and fall case, Defendant contends that *McLaughlin* further supports the argument that a plaintiff must identify what foreign substance, condition, or hazard caused her to slip. In *McLaughlin*, the court observed that the plaintiff's claim would fail because the only support was her belief that she slipped on black ice, which was in fact belied by her deposition testimony that she did not know what caused her to fall. *Id*. at *5.[1] In this case, however, Plaintiff's claim did not rely solely upon a belief that she fell on grease or oil. Despite Plaintiff's inability to precisely identify what caused her to fall, the Court determined that, after properly weighing all of the evidence, a dangerous condition existed based on the presence of a foreign oily substance most closely resembling used motor oil compound. Defendant is simply disagreeing with the weight given to that evidence, and therefore, the argument fails.

---

[1] Ultimately, however, the court in *McLaughlin* determined that summary judgment was appropriate for the out-of-possession landlord defendant because plaintiff could not show that the defendant owed her a duty of care under Georgia law. *Id*. at *4.

Case No. 19-cv-22932-BLOOM/Louis

### B. The Court erroneously disregarded the COF testing by Dr. Hejzlar (argument 5)

Defendant also contends that the Court erroneously disregarded Dr. Hejzlar's COF testing. However, the Court devoted Section II.H. of its Findings to the testing conducted on the deck, including the COF testing conducted by Dr. Hejzlar. Ultimately, upon weighing the evidence presented at trial, the Court found the COF testing to be of limited utility in large part because Dr. Hejzlar conceded that his testing only shows the available coefficient of friction, but not the coefficient of friction actually utilized by a person such as Plaintiff in a particular situation. Defendant again appears to disagree with the weight the Court afforded to Dr. Hejzlar's COF testing, which is not a proper basis to amend or alter the Court's Findings or the Final Judgment in this case.

### **Costs Motion**

As the prevailing party, Plaintiff seeks an award of $33,240.85 as taxable costs incurred in this case. *See* ECF Nos. [164-1], [164-2]. Defendant filed a response to the Costs Motion, ECF No. [172], requesting that the Court stay its consideration of costs pending a ruling on the Post-Trial Motion, but otherwise did not respond to Plaintiff's Motion or the specific amounts requested.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920."

*Bryant v. Cab Asset Mgmt., LLC*, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, a judge may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted). The Court has considerable discretion in determining whether to award costs to a prevailing party, but if the Court denies such costs, it must give a reason for doing so. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

Plaintiff seeks to recover as taxable costs the costs of medical records, expert inspections of the bathing suit and Defendant's ship, travel costs including airfare, accommodations,

transportation and parking, witness and party depositions, service fees, and filing fees, in addition to the costs of legal research, mediation, admission *pro hac vice*, medical illustrations, and miscellaneous or otherwise unspecified fees. The Court will consider each category of requested costs.

### A. Medical records

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). Here, Plaintiff seeks a total of $2,364.64 for obtaining copies of medical records. The Court finds that the medical records were necessary and relevant in this case, and therefore, Plaintiff may recover the cost of obtaining those records. *United States E.E.O.C v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) ("'Copies attributable to discovery' are a category of copies recoverable under § 1920(4).") (citation omitted); *Charles v. Home Depot*, No. 09-61907-CIV, 2011 WL 1327341, *3 (S.D. Fla. Mar.17, 2011) (finding that costs of copies of medical records produced pursuant to a subpoena duces tecum were "permitted under the statute" and necessarily obtained for use in the case) *report and recommendation adopted*, 2011 WL 1302250, at *1 (S.D. Fla. Apr. 5, 2011).

### B. Filing fee, service of process fees

Plaintiff seeks reimbursement for filing fees ($400.00), and fees for service upon Defendant and various witnesses for deposition and trial ($1,542.17). Upon review, the Court finds that the requested costs are reasonable and recoverable. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *W&O, Inc.*, 213 F.3d at 623 (concluding that

private process servers may be taxed pursuant to 28 U.S.C.A § 1920(1) which permits taxation of "[f]ees of the clerk and marshal").

### C. Depositions

28 U.S.C. § 1920(2) authorizes the taxation of deposition costs "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 620. Plaintiff seeks to recover the costs of multiple depositions of the parties and witnesses. Upon review, the Court finds that a total of $13,101.44 in deposition associated costs is reasonable and recoverable. *See Monelus*, 609 F. Supp. 2d at 1338 ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21 2007)). The remainder of the amounts sought by Plaintiff associated with the depositions in this case are not sufficiently explained, and therefore, the Court cannot conclude that they are reasonable or recoverable.

### D. Expert fees

"Compensation of court appointed experts" is recoverable as a cost under 28 U.S.C. § 1920(6). Plaintiff seeks to recover the costs of the testing of her bathing suit by ALS, inspection of Defendant's ship, and the retainer for Randall Jaques. However, these items do not involve experts appointed by the Court and they are not properly taxable as costs under § 1920.

### E. Travel costs

Plaintiff seeks reimbursement of costs associated with travel, including airfare, lodging, transportation, and parking. However, these costs are not provided for under § 1920, and are therefore not recoverable. *See Fernandez v. Elder Care Option, Inc.*, No. 03-21998-CIV-LENARD-KLEIN, 2006 WL 8445932, at *2 (S.D. Fla. June 9, 2006) (citing cases) *report and recommendation adopted*, 2006 WL 8445933, at *1 (S.D. Fla. July 3, 2006); *see also Allen v.*

*Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) ("The costs normally included within the attorneys' fees award are postage, long distance calls, photocopying, travel, paralegals, and expert witnesses . . . as well as computerized legal research[.]"); *Johnson v. Comm'cns Supply Corp.*, No. 05-60510-Civ, 2006 WL 3709620, at *3 (S.D. Fla. Dec. 14, 2006) *report and recommendation adopted*, No. 05-60510-Civ-Altonaga, ECF No. [139] (S.D. Fla. Jan. 5, 2007).

### F. Costs of legal research, mediation, admission *pro hac vice*, medical illustrations, and miscellaneous/otherwise unspecified fees

Plaintiff specifically seeks to recover the costs of legal research, mediation, and admission *pro hac vice* for her counsel. However, these costs are not listed as taxable costs under § 1920, and the Court concludes that they are not recoverable. *See Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411, 413 (S.D. Fla. 1986) (finding that computerized legal research fees are not taxable costs under § 1920); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 845-46 (11th Cir.2008) (affirming the denial of prevailing party's request for, *inter alia,* mediation expenses as not recoverable under 28 U.S.C. § 1920); *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. 2009) ("[T]he *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920[.]") (citation omitted); *W&O, Inc.*, 213 F.3d at 623 (expressly holding that exhibit costs are not taxable).

Finally, Plaintiff also seeks to recover the costs of "cleaning for Clients stay for trial," various appointments with Rehabilitation Physicians, and courier services. Such costs, however, are not specifically enumerated in § 1920, and Plaintiff has made no attempt to explain how such costs were necessarily incurred or otherwise properly taxable.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Post-Trial Motion, **ECF No. [171]**, is **DENIED**, and Plaintiff's Costs Motion, **ECF No. [164]**, is **GRANTED IN**

Case No. 19-cv-22932-BLOOM/Louis

**PART AND DENIED IN PART** consistent with this Order. Plaintiff shall recover a total of **$17,408.25** in taxable costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 6, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record